IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

_____

| | | |
|---|---|---|
| ANTHONY MAURICE HENDERSON | * | |
| #134 945 | | |
| Plaintiff, | * | |
| | | |
| v. | * | 2:09-CV-1169-ID |
| | | (WO) |
| LOUIS BOYD, *et al.*, | * | |
| | | |
| Defendants. | * | |

_____

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

In this 42 U.S.C. § 1983 action, Plaintiff, a state inmate incarcerated at the Easterling

Correctional Facility ["Easterling"] in Clio, Alabama, claims that prison officials conspired

to designate him as a restricted offender and that such classification violates his right to equal

protection. Plaintiff further alleges that he is subject to various unconstitutional conditions

of confinement. Plaintiff names as defendants Warden Louis Boyd, Deputy Warden Carter

Davenport, Classification Officer Jameka Caffie, and Classification Supervisor Shirley Seals.

Plaintiff seeks removal of the "R" suffix from his prison file and a transfer to another prison

or $1 million from each defendant. (*Doc. No. 1*.)

In accordance with the orders of the court, Defendants filed an answer, special report,

and supporting evidentiary material in response to the allegations contained in the complaint.

The court then informed Plaintiff that Defendants' special report may, at any time, be treated

as a motion for summary judgment, and the court explained to Plaintiff the proper manner

in which to respond to a motion for summary judgment.  Plaintiff filed a response to the special report filed by Defendants. This case is now pending on Defendants' motion for summary judgment.  Upon consideration of the motion, Plaintiff's opposition to the motion, and the supporting and opposing evidentiary materials, the court concludes that Defendants' motion for summary judgment is due to be granted.

## I.  STANDARD OF REVIEW

"Summary judgment is appropriate 'if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show there is no genuine [dispute] as to any material fact and that the moving party is entitled to judgment as a matter of law.'"  *Greenberg v. BellSouth Telecomm., Inc.*, 498 F.3d 1258, 1263 (11th Cir. 2007) (*per curiam*) (citation to former rule omitted); Fed.R.Civ.P. Rule 56(a) ("The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.").[1]  The party moving for summary judgment "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the [record, including pleadings, discovery materials and affidavits], which it believes demonstrate the absence of a genuine

---

[1]Effective December 1, 2010, Rule 56 was "revised to improve the procedures for presenting and deciding summary-judgment motions." Fed.R.Civ.P. 56 Advisory Committee Notes.  Under this revision, "[s]ubdivision (a) carries forward the summary-judgment standard expressed in former subdivision (c), changing only one word – genuine 'issue' becomes genuine 'dispute.'  'Dispute' better reflects the focus of a summary-judgment determination."  *Id*.  "'Shall' is also restored to express the direction to grant summary judgment."  *Id*.  Thus, although Rule 56 underwent stylistic changes, its substance remains the same and, therefore, all cases citing the prior versions of the rule remain equally applicable to the current rule.

issue [- now dispute -] of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The movant may meet this burden by presenting evidence indicating there is no dispute of material fact or by showing that the nonmoving party has failed to present evidence in support of some element of its case on which it bears the ultimate burden of proof. *Id.* at 322-324.

Defendants have met their evidentiary burden and demonstrated the absence of any genuine dispute of material fact. Thus, the burden shifts to Plaintiff to establish, with appropriate evidence beyond the pleadings, that a genuine dispute material to his case exists. *Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir. 1991); *Celotex*, 477 U.S. at 324; Fed.R.Civ.P. 56(e)(3) ("If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact by [citing to materials in the record including affidavits, relevant documents or other materials] the court may ... grant summary judgment if the motion and supporting materials -- including the facts considered undisputed -- show that the movant is entitled to it.") A genuine dispute of material fact exists when the nonmoving party produces evidence that would allow a reasonable fact-finder to return a verdict in its favor. *Greenberg*, 498 F.3d at 1263.

> In civil actions filed by inmates, federal courts
>
> must distinguish between evidence of disputed facts and disputed matters of professional judgment. In respect to the latter, our inferences must accord deference to the views of prison authorities. Unless a prisoner can point to sufficient evidence regarding such issues of judgment to allow him to prevail on the merits, he cannot prevail at the summary judgment stage.

*Beard v. Banks*, 548 U.S. 521, 530, 126 S.Ct. 2572, 2578, 165 L.Ed.2d 697 (2006) (internal citation omitted). Consequently, to survive Defendants' properly supported motion for summary judgment, Plaintiff is required to produce "sufficient [favorable] evidence" which would be admissible at trial supporting his claims of constitutional violations. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986); Rule 56(e), *Federal Rules of Civil Procedure*. "If the evidence [on which the nonmoving party relies] is merely colorable ... or is not significantly probative ... summary judgment may be granted." *Id*. at 249-250. "A mere 'scintilla' of evidence supporting the opposing party's position will not suffice; there must be enough of a showing that the [trier of fact] could reasonably find for that party. *Anderson v. Liberty Lobby*, 477 U.S. 242, 106 S.Ct. 2505, 2512, 91 L.Ed.2d 202 (1986)." *Walker v. Darby*, 911 F.2d 1573, 1576-1577 (11th Cir. 1990). Conclusory allegations based on subjective beliefs are likewise insufficient to create a genuine issue of material fact and, therefore, do not suffice to oppose a motion for summary judgment. *Waddell v. Valley Forge Dental Associates, Inc.*, 276 F.3d 1275, 1279 (11th Cir. 2001); *Holifield v. Reno*, 115 F.3d 1555, 1564 n.6 (11th Cir. 1997) (plaintiff's "conclusory assertions ..., in the absence of [admissible] supporting evidence, are insufficient to withstand summary judgment."); *Harris v. Ostrout*, 65 F.3d 912, 916 (11th Cir. 1995) (grant of summary judgment appropriate where inmate produces nothing beyond "his own conclusory allegations" challenging actions of the defendants); *Fullman v. Graddick*, 739 F.2d 553, 557 (11th Cir. 1984) ("mere verification of party's own conclusory allegations is not sufficient to oppose summary judgment....").

-4-

Hence, when a plaintiff fails to set forth specific facts supported by requisite evidence sufficient to establish the existence of an element essential to his case and on which the plaintiff will bear the burden of proof at trial, summary judgment is due to be granted in favor of the moving party. *Celotex*, 477 U.S. at 322 ("[F]ailure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial."); *Barnes v. Southwest Forest Industries, Inc.*, 814 F.2d 607, 609 (11th Cir. 1987) (If on any part of the prima facie case the plaintiff presents insufficient evidence to require submission of the case to the trier of fact, granting of summary judgment is appropriate).

For summary judgment purposes, only disputes involving material facts are relevant. *United States v. One Piece of Real Property Located at 5800 SW 74th Avenue, Miami, Florida*, 363 F.3d 1099, 1101 (11th Cir. 2004). What is material is determined by the substantive law applicable to the case. *Anderson*, 477 U.S. at 248; *Lofton v. Secretary of the Department of Children and Family Services*, 358 F.3d 804, 809 (11th Cir. 2004) ("Only factual disputes that are material under the substantive law governing the case will preclude entry of summary judgment."). "The mere existence of some factual dispute will not defeat summary judgment unless that factual dispute is material to an issue affecting the outcome of the case." *McCormick v. City of Fort Lauderdale*, 333 F.3d 1234, 1243 (11th Cir. 2003) (citation omitted). To demonstrate a genuine dispute of material fact, the party opposing summary judgment "must do more than simply show that there is some metaphysical doubt as to the material facts.... Where the record taken as a whole could not lead a rational trier

-5-

of fact to find for the nonmoving party, there is no 'genuine [dispute] for trial.'" *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).  In cases where the evidence before the court which is admissible on its face or which can be reduced to admissible form indicates that there is no genuine dispute of material fact and that the party moving for summary judgment is entitled to it as a matter of law, summary judgment is proper.  *Celotex*, 477 U.S. at 323-324 (Summary judgment is appropriate where pleadings, evidentiary materials and affidavits before the court show there is no genuine dispute as to a requisite material fact); *Waddell*, 276 F.3d at 1279 (To establish a genuine dispute of material fact, the nonmoving party must produce evidence such that a reasonable trier of fact could return a verdict in his favor).

Although factual inferences must be viewed in a light most favorable to the nonmoving party and *pro se* complaints are entitled to liberal interpretation by the courts, a *pro se* litigant does not escape the burden of establishing by sufficient evidence a genuine dispute of material fact.  *Beard*, 548 U.S. at 525, 126 S.Ct. at 2576; *Brown v. Crawford*, 906 F.2d 667, 670 (11th Cir. 1990).  Thus, Plaintiff's *pro se* status alone does not mandate this court's disregard of elementary principles of production and proof in a civil case.  In this case, Plaintiff fails to demonstrate a requisite genuine dispute of material fact in order to preclude summary judgment.  *Matsushita*, 475 U.S. at 587.

## II.  DISCUSSION

Plaintiff asserts the following claims against Defendants: (1) they have conspired to

illegally and arbitrarily assign him an "R" classification status which designates him as a restricted offender; (2) he has been confined at Easterling for the past nine years because Defendants have denied him a transfer to another Level IV institution; (3) inmates with convictions similar to his have requested and received transfers but Defendants refuse to approve his transfer to another institution in violation of his right to equal protection; (4) Defendants are subjecting him to unconstitutional  conditions of confinement at Easterling in violation of his Eighth Amendment rights;  and (5) he is a smoker and did not request to be placed in a non-smoking facility.  (*Doc. No. 1*.)

Defendants deny violating Plaintiff's constitutional rights with regard to his residency at Easterling and his current classification level. They state that they have no authority to classify inmates as restricted offenders and that task is the responsibility of the Alabama Department of Corrections Central Review Board.  Classification Supervisor Seals further states that she only has authority to recommend an inmate for review for restricted offender status based on the nature and details of the prisoner's past and present offenses. Defendants' evidentiary material reflects that  Plaintiff was placed in a restricted status classification under Alabama Department of Correction["ADOC"] regulations on February 28, 2005. His classification as a restricted offender is in accordance with ADOC classification standards, and due, in part, to his criminal history as a violent habitual offender currently serving a life sentence for a manslaughter conviction. In 2009, Plaintiff was recommended and approved for a less restrictive custody. Defendants further deny Plaintiff's

allegations that the conditions at Easterling are unconstitutional.  (*Doc. No. 12, Exhs. A-D*.)

*A. The Custody Classification Claim*

Plaintiff challenges the classification level assigned to him at Easterling on the ground that his status as a restricted offender was made arbitrarily.  Even if Defendants had some responsibility for assigning Plaintiff to a particular classification level or status, and it is undisputed that they do not, this claim entitles him to no relief. An inmate confined in the Alabama prison system has no constitutionally protected interest in the procedure affecting his classification level because the resulting restraint, without more, does not impose an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995).  Because Plaintiff has no constitutionally protected interest in the level of his custody classification, correctional officials may assign him to any classification level without implicating the protections of due process. Thus, Defendants are entitled to summary judgment with respect to Plaintiff's challenge to his classification as a restricted offender.

*B. The Equal Protection Claim*

Plaintiff contends that Defendants have denied him equal protection because they have granted a transfer to other inmates in restricted offender status with convictions similar to his while his requests for such treatment have been denied. This claim entitles Plaintiff to no relief.

In order to establish a claim of discrimination cognizable under the Equal Protection

Clause, "a prisoner must demonstrate that (1) he is similarly situated to other prisoners who received more favorable treatment; and (2) the state engaged in invidious discrimination against him based on race, religion, national origin, or some other constitutionally protected basis. *Jones v. Ray*, 279 F.3d 944, 946-47 (11th Cir. 2001); *Damiano v. Florida Parole and Prob. Comm'n*, 785 F.2d 929, 932-33 (11th Cir. 1986)." *Sweet v. Secretary, Department of Corrections*, 467 F.3d 1311, 1318-1319 (11th Cir. 2006).  "[O]fficial action will not be held unconstitutional solely because it results in a ... disproportionate impact....  [An allegation] of ... discriminatory intent or purpose [related to a constitutionally protected interest] is required to [set forth] a violation of the Equal Protection Clause." *Village of Arlington Heights v. Metropolitan Housing Development Corp.*, 429 U.S. 252, 264-265 (1977).

"'Discriminatory purpose' ... implies more than intent as volition or intent as awareness of consequences.  It implies that the decision maker ... selected ... a particular course of action at least in part 'because of,' not merely 'in spite of,' its adverse effects upon an identifiable group." *Personnel Administrator of Massachusetts v. Feeney*, 442 U.S. 256, 279 (1979) (footnote and citation omitted); *see also Hernandez v. New York*, 500 U.S. 352, 359 (1991).  In a case such as this one, where Plaintiff challenges actions of correctional officials, exceptionally clear proof of discrimination is required.  *Fuller v. Georgia Bd. of Pardons and Paroles*, 851 F.2d 1307, 1310 (11th Cir. 1988).  Moreover, mere differential treatment of similarly situated inmates, without more, fails to allege a violation of the Equal Protection Clause.  *E & T Realty Company v. Strickland*, 830 F.2d 1107 (11th Cir. 1987), *cert. denied*,

485 U.S. 961 (1988); *McKleskey v. Kemp*, 481 U.S. 279, 292 (1987) (claims of mere disparity of treatment are insufficient to establish discrimination).

Plaintiff fails to meet his pleading burden as he does not allege that Defendants subjected him to adverse treatment based on some constitutionally impermissible reason; rather, he simply makes the conclusory assertion that differential treatment resulted in an equal protection violation. To the extent that Plaintiff relies on the fact that some restricted offender inmates other than himself have been transferred from Easterling as the basis for this claim, the law is well settled that the mere differential treatment of inmates fails to constitute a violation of the Equal Protection Clause. *E & T Realty*, *supra*.

Based on the foregoing, the court concludes that Plaintiff's claim of discrimination does not demonstrate  an equal protection violation and, therefore, Defendants are entitled to summary judgment.

*C. The Conspiracy Claim*

Plaintiff alleges that Defendants' conspired to arbitrarily and illegally classify him as a restricted offender. As noted, it is undisputed that Defendants have no responsibility for the classification of inmates and may, at most, only make recommendations regarding the classification status of prisoners. Assuming, *arguendo*, that Defendants had some involvement with Plaintiff's classification level, he offers no facts to support his contention that Defendants conspired against him. Claims of conspiracy that are generalized, vague, and conclusory provide no basis in fact and are, therefore, subject to dismissal. *Bendiburg v.*

*Dempsey,* 909 F.2d 463, 468 (11th Cir. 1990); *Kearson v. Southern Bell Telephone & Telegraph Co.,* 763 F.2d 405, 407 (11th Cir.1985).

In the instant case, Plaintiff's allegations of conspiracy are conclusory and vague. Therefore, Defendants are due to be granted summary judgment on this claim.

*D. The Conditions Claim*

Plaintiff describes a variety of conditions at Easterling which he maintains amount to a violation of his Eighth Amendment rights. Variously these conditions and problems include inadequate and unsanitary toilet conditions, insufficient living space due to overcrowding, excessive noise, insufficient storage space, and the housing of mentally and physically ill inmates in general population.

Defendants deny that Plaintiff is subjected to unconstitutional conditions of confinement at Easterling. While Easterling is over its intended inmate capacity which contributes to higher noise levels within the facility, Defendants maintain that the facility is not unsanitary and that restrooms are subject to constant cleaning and sanitizing. Locker boxes at Easterling are attached to inmate beds and contain the same amount of storage space as locker boxes throughout all ADOC institutions. Like every other major ADOC facility, Easterling houses a certain number of physically ill inmates and also houses mentally challenged inmates who qualify for residency at Easterling. In sum, Defendants maintain that Plaintiff is exposed neither to inhumane nor unsanitary conditions at Easterling. (*Doc. No. 12, Exh. A*.)

The Constitution proscribes those conditions of confinement which involve the wanton and unnecessary infliction of pain. *Rhodes v. Chapman*, 452 U.S. 337 (1981). There is no "static test" for determining which conditions violate the Constitution. *Id*. at 346. Whether a violation exists requires a fact intensive determination of what conditions exist and whether objectively and subjectively the conditions offend the Constitution by amounting to seriously sufficient deprivations to which officials were deliberately indifferent. *See e.g., Farmer v. Brennan*, 511 U.S. 825 (1994). Only actions which deny inmates "the minimal civilized measure of life's necessities," are grave enough to establish constitutional violations. *Rhodes*, 425 U.S. at 347; *see also Wilson v. Seiter*, 501 U.S. 294 (1991) (overcrowding, without more, does not rise to the level of a constitutional violation).

A prison official has a duty under the Eight Amendment to "provide humane conditions of confinement; prison officials must ensure that inmates receive adequate food, clothing, shelter, and medical care, and must 'take reasonable measures to guarantee the safety of the inmates.'" *Farmer,* 511 U.S. at 832 (quoting *Hudson v. Palmer,* 468 U.S. 517, 526-27 (1984)); *Helling v. McKinney*, 509 U.S. 25, 33 (1993). In order to demonstrate the objective component of an Eighth Amendment violation with respect to conditions of confinement, a prisoner must prove that he was denied the "minimal civilized measure of life's necessities." *Farmer*, 511 U.S. at 832. The challenged prison condition must be "extreme" and must pose "an unreasonable risk of serious damage to his future health." *Chandler v. Crosby*, 379 F.3d 1278, 1289-90 (11th Cir. 2004). The subjective component

-12-

requires a prisoner to prove that the prison official acted with "deliberate indifference" in disregarding that risk by showing that an official knew the inmate faced a "substantial risk of serious harm" and with such knowledge, disregarded that risk by failing to take reasonable measures to abate it. *Farmer*, 511 U.S. at 828, 834, 837.

In this case, Plaintiff alleges in conclusory terms that he is subject to unconstitutional conditions of confinement at Easterling. All of the conditions or problems identified by Plaintiff are unfortunately problems of prison life in general, a life which, while not comfortable, must be humane. *Mathews v. Crosby*, 480 F.3d 1265, 1269 (11th Cir. 2007). Defendants do not admit to any constitutional violation. While they concede that Easterling is over capacity, as noted, allegations of overcrowding alone are insufficient to state a claim under the Eighth Amendment and overcrowding alone is not *per se* unconstitutional. *Rhodes*, 452 U.S. at 348; *Castillo v. Cameron County, Tex.*, 238 F.3d 339 (5th Cir. 2001). Overcrowding conditions can be restrictive and even harsh; however, they do not violate the Eighth Amendment unless they deprive the inmate of the minimal civilized measure of life's necessities. *Rhode*, 452 U.S. at 348.

Here, Plaintiff has failed to establish that the conditions about which he complains deprive him of the minimal civilized measure of life's necessities or cause him serious harm nor can the problems he describes be considered "abuses." Additionally, Plaintiff has failed to produce evidence which shows that Defendants know of an obvious risk of serious harm to him and are disregarding that risk, *Farmer* 511 U.S. at 837, or that Defendants' actions

result in the denial of the minimal civilized measure of life's necessities.  *Rhodes*, 452 U.S. at 347. The mere fact that the conditions and problems described by Plaintiff exist is insufficient to demonstrate a constitutional violation.  Consequently, Defendants' motion for summary judgment on Plaintiff's claims challenging the conditions of confinement at Easterling is due to be granted.

E.  *The Housing Claim*

Plaintiff alleges that his confinement at Easterling, a non-smoking facility, violates his constitutional rights because he is a smoker and he did not ask to be housed at Easterling. As Defendants correctly point out, Plaintiff has no opportunity or power to choose the institution at which he is housed.  (*Doc. No. 12, Exhs. A, B*.)

The law is well-settled that prisoners do not have a constitutional right to remain in or be transferred to a penal institution of their own choosing.  *See Meachum v. Fano,* 427 U.S. 215, 225 (1976).  The fact that Plaintiff has not been transferred to a different facility for a lengthy period of time and, although a smoker, is housed in a smoke-free facility, fails to implicate any constitutional right to which he is entitled. Because this claim is without merit, summary judgment is due to be granted in favor of Defendants.

### III. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1.  The motion for summary judgment filed by Defendants (*Doc. No. 12*) be GRANTED;

-14-

2.   Judgment be GRANTED in favor of Defendants and against Plaintiff;

3.   This case be DISMISSED with prejudice; and

4.   The costs of this proceeding be TAXED against Plaintiff for which execution may issue.

It is further

ORDERED that on or before **June 24**, **2011,** the parties may file objections to the Recommendation.  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which a party objects.  Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.   *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

DONE, this 9th day of June, 2011.

/s/ Susan Russ Walker
SUSAN RUSS WALKER
CHIEF UNITED STATES MAGISTRATE JUDGE